UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

IRA ALSTON,
    *Plaintiff*,

v().

TOBY RUTKOWSKI, *et al.*,
    *Defendants*.

No. 3:23-cv-01304 (VAB)

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

    Ira Alston ("Plaintiff") sued Seth LaPrey and Toby Rutkowski ("Defendants") under 42 U.S.C. § 1983, alleging that these Defendants fabricated evidence used against him in a state criminal proceeding in violation of his due process rights. Compl. ¶¶ 1-6, ECF No. 1.

    The Defendants have moved for summary judgment, arguing that Mr. Alston failed to exhaust his administrative remedies and that they are entitled to judgment as a matter of law on the merits. Mem. in Supp. of Mot. for Summ. J. ("Mot. for Summ. J.") at 1, ECF No. 38-1. Mr. Alston has not responded to their motion.

    For the reasons explained below, Defendants' Motion for Summary Judgment, ECF No. 38, is **GRANTED**.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**[1]

From June 9, 2022, to June 27, 2022, Mr. Alston had been housed at the MacDougall-Walker Correctional Institution in the Restrictive Housing Unit ("RHU"). Defs.' L.R. 56(a)(1) ¶¶ 2-3, ECF No. 38-2; Ex. A, Deposition Tr. of Ira Alston 6:1-21, ECF No. 38-3.

On June 25, 2022, a correctional officer saw Mr. Alston "twirling or twisting his shirt on the outside rec yard on the fence." Defs.' L.R. 56(a)(1) ¶ 4; Ex. C, Trial Tr. 7:2-16, ECF No. 38-5. When asked what he was doing, Mr. Alston said that his shirt had been stuck on the fence. Ex. C, 7:11-26. That incident was reported to the shift supervisor and to the lieutenants. *Id.* 8:9-15. Officers viewed video footage, but this review did not allow them to determine conclusively what Mr. Alston had been doing with his hands. Ex. E, Incident Report at 10, ECF No. 38-7.

On June 27, 2022, in a separate incident, an officer saw Mr. Alston peeling window tinting off the window in the dayroom. Defs.' L.R. 56(a)(1) ¶ 5; Incident Report at 3, 6, 7. When officers responded to the incident, Mr. Alston "had the film placed on the dayroom table." Incident Report at 3, 41-42 (photographs of window tint).

Lieutenant LaPrey directed staff to search Mr. Alston's cell, during which officers found a nine-inch sharpened piece of metal under a sheet. Defs.' L.R. 56(a)(1) ¶¶ 6-7; Ex. B, Trial Tr.

---

[1] The factual background is drawn from Defendants' Local Rule 56(a)(1) Statement of Material Facts to the extent the facts set forth therein are supported by evidence in the record. *See* D. Conn. L. Civ. R. 56(a)(1) ("Each material fact set forth in the Local Rule 56(a)(1) Statement and supported by the evidence will be deemed admitted (solely for purposes of the motion) unless such fact is controverted by the Local Rule 56(a)(2) Statement required to be filed and served by the opposing party."); *Barone v. Judicial Branch of Conn.*, No. 3:17-cv-644 (VAB), 2019 WL 7283383, at *11 (D. Conn. Dec. 27, 2019) ("When a party fails to appropriately deny material facts set forth in the movant's Rule 56(a)(1) statement, those facts are deemed admitted." (quoting *SEC v. Global Telecom Servs. L.L.C.*, 325 F. Supp. 2d 94, 109 (D. Conn. 2004) (internal quotation marks omitted))).

15:4-5, 19:3-20:1, ECF No. 38-4; Incident Report at 3, 5, 12, 15, 37 (photograph of metal piece). Mr. Alston told staff that the metal piece had been "planted" in his cell. Incident Report at 3.

An officer recognized the piece of metal as being part of the outside chain link fence, and another officer brought the piece of metal to Lt. LaPrey. Defs.' L.R. 56(a)(1) ¶¶ 8-10; Ex. B, 20:19-22. Officers inspected the chain link fence where Mr. Alston had previously been seen twisting his shirt on June 25, 2022; there, officers found that the fence was missing a metal link at the location where Mr. Alston was observed twisting his shirt. Defs.' L.R. 56(a)(1) ¶ 11; Ex. C, 8:16-9:8.

As a result, Mr. Alston received two disciplinary reports: one for destruction of property related to removal of metal from the fence and another for destruction of property related to the removal of window tinting from the dayroom. Defs.' L.R. 56(a)(1) ¶¶ 12-13; Incident Report at 46-48.

In addition, Lt. LaPrey reported the discovery of the piece of metal to the state police. Defs.' L.R. 56(a)(1) ¶ 14; Ex. B, Trial Tr. 7:9-14. State Police Trooper Rutkowski received the report and began an investigation, including speaking to Lt. LaPrey (as the reporting party), reviewing video footage, and attempting to speak to Mr. Alston. Defs.' L.R. 56(a)(1) ¶¶ 15-17; Ex. G, Arrest Warrant at 4-5, ECF No. 38-9; Ex. B, Trial Tr. 6:6-17, 7:9-14, 8:10-12, 9:22-26. After his investigation, Trooper Rutkowski submitted an arrest warrant application to the Hartford Superior Court. Defs.' L.R. 56(a)(1) ¶ 18; Arrest Warrant at 4. A judge of that court issued an arrest warrant. Arrest Warrant at 1-2.

On July 7, 2022, Mr. Alston pleaded guilty to the disciplinary report related to the removal of the window tinting from the dayroom. Defs.' L.R. 56(a)(1) ¶ 19; Ex. F, Decl. of Joseph Kassoy ¶ 11, ECF No. 38-8. On July 15, 2022, Mr. Alston also pleaded guilty to the

disciplinary report related to the removal of the metal piece from the fence. Defs.' L.R. 56(a)(1) ¶ 20; Kassoy Decl. ¶ 12.

On January 25, 2023, Mr. Alston was arrested based on the arrest warrant. Defs.' L.R. 56(a)(1) ¶ 21; Arrest Warrant at 3. Mr. Alston was charged with possession of a dangerous instrument in a correctional institution. Defs.' L.R. 56(a)(1) ¶ 21; Arrest Warrant at 2.

Mr. Alston had a jury trial on this charge in June 2023, and the jury found him not guilty. Defs.' L.R. 56(a)(1) ¶¶ 22-23; Ex. H, Trial Tr. 5:15-27, ECF No. 38-10.

On October 6, 2023, Mr. Alston filed this lawsuit. Compl., ECF No. 1. The case was assigned to another judge in this District. *See* Oct. 6, 2023, Order.

On December 5, 2023, after two notices of insufficiency, the Court granted Mr. Alston's motion to proceed *in forma pauperis*. Order, ECF No. 14; *see also* Not. of Insufficiency, ECF Nos. 7, 9.

On August 2, 2024, the Court issued an Initial Review Order. Initial Review Order, ECF No. 21. The Initial Review Order dismissed most of Plaintiff's claims but allowed Mr. Alston to proceed on his fabrication of evidence claims against Lt. LaPrey and Trooper Rutkowski. *Id.* at 5-7.

On September 23, 2024, counsel entered a notice of appearance for Lt. LaPrey and Trooper Rutkowski. Not. of Appearance, ECF No. 26.

On October 2, 2024, they answered Mr. Alston's Complaint. Answer, ECF No. 29.

On January 17, 2025, the case was reassigned to this Court. Order of Transfer, ECF No. 32.

On May 23, 2025, the Defendants filed a motion for summary judgment. Mot. for Summ. J., ECF No. 38.

4

On June 23, 2025, Mr. Alston moved for an extension to respond to the Defendants' motion. Mot. for Extension of Time, ECF No. 39.

On June 26, 2025, the Court granted Mr. Alston's motion and directed him to respond on or before July 16, 2025. Order, ECF No. 40.

On July 31, 2025, Mr. Alston moved for a second extension to respond to the Defendants' motion. Mot. for Extension of Time, ECF No. 41.

On November 3, 2025, the Court granted Mr. Alston's motion and directed him to respond on or before December 19, 2025. Order, ECF No. 43.

On December 29, 2025, Mr. Alston moved for a third extension to respond to the Defendants' motion. Mot. for Extension of Time, ECF No. 45.

On December 31, 2025, the Court granted Mr. Alston's motion and, while noting it was unlikely to grant further extensions, directed him to respond on or before January 25, 2026. Order, ECF No. 46.

As of the date of this writing, Mr. Alston has not responded to the Defendants' motion for summary judgment.

## II.    STANDARD OF REVIEW

A court will grant a motion for summary judgment if the record shows no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes

demonstrate the absence of a genuine issue of material fact."). The non-moving party may defeat the motion by producing sufficient evidence to establish that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." *Id.* at 247-48.

"[T]he substantive law will identify which facts are material." *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*; *see Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("[M]ateriality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." (citing *Anderson*, 477 U.S. at 248)).

"The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. When a motion for summary judgment is supported by documentary evidence and sworn affidavits and "demonstrates the absence of a genuine issue of material fact," the non-moving party must do more than vaguely assert the existence of some unspecified disputed material facts or "rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (internal quotation marks omitted).

The party opposing the motion for summary judgment "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.* (internal quotation marks omitted). "If the evidence is merely colorable, or is not significantly probative,

6

summary judgment may be granted." *Anderson*, 477 U.S. at 250 (citing *Dombrowski v. Eastland*, 387 U.S. 82, 87 (1967) and *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968)).

A court must view any inferences drawn from the facts in the light most favorable to the party opposing the summary judgment motion. *See Dufort v. City of New York*, 874 F.3d 338, 343, 347 (2d Cir. 2017) ("On a motion for summary judgment, the court must 'resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'"). A court will not draw an inference of a genuine dispute of material fact from conclusory allegations or denials, *see Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011), and will grant summary judgment only "if, under the governing law, there can be but one reasonable conclusion as to the verdict," *Anderson*, 477 U.S. at 250.

The Second Circuit has held, however, that Federal Rule of Civil Procedure 56 "does not embrace default judgment principles. Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004).

"[F]ailure to oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." *Id.* at 244.

"[T]he district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001).

**III.   DISCUSSION**

If an officer "creates false information likely to influence a jury's decision and forwards that information to prosecutors, [that officer] violates the accused's constitutional right to a fair trial, and the harm occasioned by such unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983." *Garnett v. Undercover Officer C0039,* 838 F.3d 265, 277 (2d Cir. 2016) (quoting *Ricciuti v. N.Y.C. Transit Authority*, 124 F.3d 123, 130 (2d Cir. 1997)). To prove such a claim, "a plaintiff must establish that 'an (1) investigating official (2) fabricate[d] information (3) that is likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffe[red] a deprivation of life, liberty, or property as a result.'" *Barnes v. City of New York*, 68 F.4th 123, 128 (2d Cir. 2023) (quoting *Ashley v. City of New York*, 992 F.3d 128, 139 (2d Cir. 2021)).

To survive summary judgment, Mr. Alston must create a genuine issue of fact as to whether the defendants fabricated evidence for use in his state court prosecution for possession of a dangerous instrument in a correctional institution. *Id.* at 130 (recognizing that "there may be a violation of due process based on fabricated evidence even without the use of fabricated evidence at trial").

The Defendants argue that they are entitled to summary judgment for two reasons. First, they argue that Mr. Alston failed to exhaust his administrative remedies as to Lt. LaPrey. Mot. for Summ. J. at 16-17. Second, they argue that Mr. Alston's fabrication of evidence claim fails as a matter of law because nothing in the record suggests that either Defendant fabricated evidence. Mot. for Summ. J. at 8.

The Court agrees.

As discussed above, although given multiple opportunities, Mr. Alston has not responded to Defendants' motion for summary judgment.[2] While Mr. Alston alleged in his Complaint that Lt. LaPrey "falsely reported to high ranking CT-DOC officials that [he] found a nine [inch] piece of metal inside [Mr. Alston's] cell," Compl. at 1-2, and that Lt. LaPrey contacted Trooper Rutkowski and "falsely report[ed] that nine inch piece of sharpened metal was found inside [Mr. Alston's cell," *id.*, there is no record evidence sufficient to create a genuine issue of material fact as to any such fabrications of evidence by Lt. LaPrey.

On this record, it is undisputed that after a search of Mr. Alston's cell, a nine-inch piece of sharpened metal was found in Mr. Alston's cell, provided to Lt. LaPrey, reported by Lt. LaPrey to the State Police, and then investigated by Trooper Rutkowski. *See* Local Rule 56(a)(1) Statement at ¶¶ 6-10, 14-18 (noting that, after Lt. LaPrey "ordered staff to conduct a search of [Mr. Alston's] cell" . . . . and "[i]n connection with [that] search . . . Officer Loos located a piece of sharpened metal . . . . and secured the metal rod by bringing it to his supervisor Lt. LaPrey" who "contacted the State Police to investigate" and Trooper Rutkowski then "conducted an

---

[2] The Court mainly discusses the substance of Mr. Alston's claim. On this record, however, Mr. Alston also failed to exhaust his administrative remedies. *See* Local Rule 56(a)(1) Statement of Undisputed Facts at ¶¶ 30-32 (noting that (1) none of Mr. Alston's "grievances between June 1, 2022 and August 31, 2022 concerned an incident . . . on June 27, 2022, or any alleged fabrication of evidence;" (2) Mr. Alston "did not properly file any Level 2 or Level 3 appeals between June 1, 2022 and August 31, 2022," and (3) Mr. Alston "acknowledged that he did not file any grievances regarding any defendants in this lawsuit."). As a result, summary judgment also would be appropriate on these grounds. *See Perttu v. Richards*, 605 U.S. 460, 465 (2025) ("We have held that [§ 1997e(a) of the Prison Litigation Reform Act] 'requires proper exhaustion' of available prison grievance procedures, meaning a prisoner 'must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bringing suit in federal court.'") (quoting *Woodford v. Ngo*, 548 U.S. 81, 84 (2006)).

investigation."). It also is undisputed that Mr. Alston later "voluntarily pled guilty" to the related disciplinary charge. *See, e.g., id.* at ¶ 19.

Similarly, as to Trooper Rutkowski, to the extent that Mr. Alston claims that his arrest warrant application and any subsequent prosecution relied on fabricated evidence, there is nothing in this record to support that contention, much less create a genuine issue of fact as to Mr. Alston's fabrication of evidence claim against him. *See id.* at 17 ("Trooper Rutkowski's investigation included speaking with Lt. LaPrey and Officer Loos, observing and seizing the metal rod, reviewing camera footage, and attempting to speak with [Mr. Alston].")

At this stage of the case, "[s]peculation by itself is not enough to defeat a motion for summary judgment." *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 15 (2d Cir. 1986). Mr. Alston "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Robinson*, 781 F.3d at 44 (internal quotation marks omitted). There is no such "specific evidence" in this record.

Accordingly, in the absence of a genuine dispute of material fact on the issue of whether Defendants fabricated evidence, the Defendants' motion for summary judgment will be granted.

## IV.     CONCLUSION

For the reasons explained herein, Defendants' Motion for Summary Judgment, ECF No. 38, is **GRANTED**.

The Clerk of Court is directed to enter judgment in favor of the Defendants and to close this case.

**SO ORDERED** at New Haven, Connecticut, this 27th day of February, 2026.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE